[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO DISMISS AND DEFENDANT'S OBJECTIONS THERETO (DOCKET Nos. 119 AND 121)
This matter has been before the court on a number of previous occasions: December 18, 1989, December 2, 1989 9, 1990, April 26, on or about May 14, 1990 and finally on July 12. On or about May 14, the court heard arguments on the plaintiff's Motion to Dismiss and the defendant's objection CT Page 1308 thereto. The plaintiff by her motion raises the issue of jurisdiction.
I am sure all the parties believed that this issue was put to rest in the proceedings heard on December 21, 1990 when counsel for the plaintiff stated, at page six of that transcript: "Your Honor, jurisdiction will remain in Connecticut." However, as counsel for the plaintiff now claims, any claim of lack of jurisdiction over the subject matter cannot be waived and may be raised at any time. Connecticut Practice Book 145.
The issue in this case involves the custody of the minor child Kai, born November 27, 1979, in New York City, New York. Kai lived with the plaintiff and the defendant (her mother and father) in New York until she was ten months old when her mother separated from her father and moved to her home in St. Croix. Kai remained in St. Croix until June, 1986, when her father removed her to New York and subsequently to Connecticut. She has been in New York and Connecticut since that time.
On July 19, 1986, the plaintiff filed an application for custody of Kai in the Virgin Islands. On July 20, 1986, an order was entered allowing the plaintiff to serve the defendant with notice of the petition by certified mail. On August 8, 1986, the certified letter was returned to the court in St. Croix unclaimed. On March 26, 1987, the court in St. Croix entered an order allowing service on the defendant by publication in a Virgin Islands daily newspaper. Proof of publication was filed with the court on or about March 15, 1988. Mr. Hayes was not a resident of the Virgin Islands at that time nor had he been a resident of the Virgin Islands prior to that time.
On March 18, 1988, the court in St. Croix granted an entry of default against the defendant. A hearing was held on December 5, 1988. On February 27, 1989, the Honorable Maria M. Cabret ruled that physical and legal custody of Kai Hayes was granted to the plaintiff.
The plaintiff has registered the St. Croix judgment under the Uniform Enforcement of Foreign Judgments Act (52-604
thru 52-609 of the Connecticut General Statutes). The plaintiff now seeks to dismiss the action which she has initiated on the basis of the St. Croix court judgment of custody.
While this court recognizes that ordinarily full faith and credit should be given to the judgment of the Territorial Court of the Virgin Islands, its determination was made ex parte. There was no showing that the defendant had actual CT Page 1309 notice of the proceedings. At the time Mr. Hayes removed Kai from St. Croix, there was no outstanding order in any court for custody of Kai. Since there was an issue between the parties on the issue of custody and what was best in Kai's best interest, this court, on December 18, 1989, appointed counsel for the minor child and referred the matter of Kai's custody to Family Relations for investigation.
This state does have jurisdiction to determine this matter under the provisions of 46b-93 (a) of the Connecticut General Statutes. It is in the best interest of Kai that a court of this state assume jurisdiction because the child and at least one of the contestants have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training and physical relationships.
The plaintiff argues that the provisions of 46b-98 of the General Statutes require this court not to exercise its jurisdiction because the defendant has improperly removed the child from the physical custody of the person entitled to custody. The difficulty with this argument is that at the time that Mr. Hayes took Kai from St. Croix either party was entitled to the custody of Kai and neither party had any order regarding her custody.
The court recognizes that under the provisions of 46b-93 (a), the Territorial Court of the Virgin Islands also has jurisdiction to decide this matter. With that in mind, this court wrote to that court pursuant to the provisions of 46b-96 (c) of the General Statutes. A copy of this court's letter to Judge Peterson dated June 8, 1990 is attached hereto.
On July 25, Judge Peterson and the undersigned conferred. Judge Peterson expressed her position that her court had jurisdiction since it had issued a valid custody order. Judge Peterson indicated that early evidence regarding Kai was more readily available in St. Croix.
On the other hand, Kai has been absent from St. Croix for four years. She has been a resident of this state for the last two years. There is substantial evidence in this state concerning Kai's present or future care, training and personal relationships. Her classroom records are available here, and she has been treated by a therapist in New York and continues to meet with that therapist.
Plaintiff, in her motion, also claims that Connecticut is an inconvenient forum. While the court recognizes that it is difficult for the plaintiff to bring witnesses from St. Croix, CT Page 1310 the court also recognizes that it is equally difficult for the defendant to bring witnesses to St. Croix. On the basis that the evidence that may be introduced as to Kai's current development and her best interest is more readily available in Connecticut, the court denies plaintiff's claim of inconvenient forum. See Temple v. Brooks, 16 CLT 17, p. 27 (April 23, 1990, Jud. Dist. of Ffld. at Bpt.)
On the basis of all of the foregoing, the plaintiff's motion to dismiss is denied, and the defendant's objection thereto is sustained.
EDGAR W. BASSICK, III, JUDGE